# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKREEM DICKS,<br>**Plaintiff** | :<br>:<br>: |
| v. | :    **CIVIL NO. 19-3168** |
| WARDEN TILLMEN, *et al.*,<br>**Defendants.** | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                 *April 7, 2020*
                                                                                                             MARCH   , 2020

The Court previously dismissed the civil rights Complaint filed by Plaintiff Akreem Dicks without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to file an amended complaint if Mr. Dicks can cure the defects identified in the original pleading (*See* Memorandum and Order of January 10, 2020, Document Nos. 8 and 9). The Court also granted Mr. Dicks's Motion for Leave to Proceed i*n forma pauperis*. Mr. Dicks has now filed an amended complaint, consisting of a handwritten portion and a typed portion, in which he reasserts claims against supervisory officials at the Philadelphia Detention Center, namely Warden Tillmen, Assistant Deputy Warden Lacombe, Major Christmas, and Lt. Simmons. Sgt. Sampson[1] is also named in the Amended Complaint. For the following reasons, the Amended Complaint, which asserts no additional factual allegations and fails to cure the defects previously identified, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Cpt. Peaks who was named as a defendant in the original Complaint has not been named in the Amended Complaint. Accordingly, the Order accompanying this Memorandum also terminates Cpt. Peaks as a defendant.

## I. FACTUAL ALLEGATIONS

Mr. Dicks again asserts that while he was incarcerated at the Detention Center as a pretrial detainee,[2] he was placed in a day room with other inmates who allegedly smoked tobacco and K-2 marijuana. ECF No. 12 at 3.[3] The windows did not open all the way and he was forced to breathe smoky air. *Id.* He asserts that he sent two letters to Defendant Lacombe and filed a grievance using the prison grievance process but received no answer. *Id.* He alleges that unnamed guards heard him coughing and did nothing. *Id.* He seeks damages in the amount of $100,000. (*Id.* at 12.)

## II. STANDARD OF REVIEW

Because Mr. Dicks has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under §1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Dicks is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] A review of publicly available records shows that Mr. Dicks was arrested on September 10, 2018 in Philadelphia on burglary and related charges. *Commonwealth v. Dicks*, CP-51-6854-2018 (C.P. Phila.) He entered a guilty plea on April 1, 2019.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

## III. DISCUSSION

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Based on Grievances

To the extent that the handwritten portion of Mr. Dicks's Amended Complaint seeks to raise claims against Defendant Lacombe based on the failure to answer Mr. Dicks's letters or respond to his grievance, that claim is not plausible. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Mr. Dicks about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### B. Conditions of Confinement – Exposure to Smoke

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 295, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Seiter*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts

3

from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

As the Court stated in the prior Memorandum, claims based on environmental exposure to tobacco smoke during incarceration are generally analyzed as claims asserting deliberate indifference to serious medical needs. *See, e.g., Brown v. DiGuglielmo*, 418 F. App'x 99, 102-03 (3d Cir. 2011). Thus, to be plausible, a claim based on being exposed to dangerously high levels of environmental tobacco smoke must assert that prison authorities were deliberately indifferent to the exposure. *Laufgas v. Speziale*, 263 F. App'x 192, 197 (3d Cir. 2008) (affirming grant of summary judgment) (citing *Helling v. McKinney*, 509 U.S. 25, 35-37 (1993); *Glazewski v. Corzine*, 385 F. App'x 83, 89 (3d Cir. 2010) (claim must allege (1) a sufficiently serious medical need related to second hand smoke exposure; and (2) deliberate indifference by the prison authorities to that need).

Like his first attempt to state a claim based on his exposure to smoke, Mr. Dicks again fails to set forth sufficient facts that, if accepted as true, would establish a plausible claim that he suffered a serious medical need and that officials were deliberately indifferent to that need. To be sure, if it is indeed accurate to say that detainees were permitted to use controlled substances such as marijuana as Mr. Dicks allege, that is cause for concern, but not concern that is properly the subject of a fellow detainee's civil rights claim. While one of the defects noted by the Court in dismissing this claim in the original Complaint was that Mr. Dicks failed to allege a serious medical need – he had only asserted that he had a headache for which, he conceded he received

4

treatment (*see* ECF No. 8 at 6) – the handwritten portion of the Amended Complaint asserts only that Mr. Dicks coughed from the smoke in the day room and "still cough[s] from time to time." (ECF No. 12 at 3.) The claim is not mentioned at all in the typed portion of the Amended Complaint. This allegation fails to state a plausible serious medical need upon which a claim of deliberate indifference may be stated. The only other assertions about Mr. Dicks's exposure to smoke consist of case citations and conclusory statements that prison officials were deliberately indifferent, *see id.* at 2, 4. Therefore, the claim will be dismissed pursuant to §1915(e)(2)(B)(ii). Because the Court has already permitted Mr. Dicks the opportunity to cure the defects previously identified in this claim, and he has failed to do so, it appears that further attempts at amendment would be futile. Accordingly, the claim is dismissed with prejudice.

### C. Conditions of Confinement – Lack of Heat, Presence of Vermin and Dirt

In the prior Memorandum, the Court dismissed Mr. Dicks's claims based upon the lack of heat during cold weather and the presence of vermin and dirt in the prison because his conclusory allegations that his cell was cold and vermin-infested, with no further elaboration about the actual temperature conditions and the length of time the alleged infestation conditions existed, were insufficient to state a plausible claim. ECF No. 8 at 5. The Court stated that mere exposure to such conditions with no claim that they caused any significant harm, did not rise to the level of objectively serious under the standards of deliberate indifference. *Id.*, citing *Bell*, 441 U.S. at 535; *Stevenson*, 495 F.3d at 68.

Mr. Dicks does not mention this claim in the handwritten portion of the Amended Complaint. In the typed portion, he merely reasserts that he "got sick from the building not having heat," that there were vermin, and that the dayroom was dirty. ECF No. 8 at 12. These allegations do not cure the defects previously identified because Mr. Dicks only asserts he was exposed to the conditions. He offers no further information about how these conditions harmed

5

him, and his conclusory assertion that he "got sick" is insufficient. *See Iqbal*, 556 U.S. at 678. Accordingly, this claim will also be dismissed pursuant to § 1915(e)(2)(B)(ii). Because Mr. Dicks has already been permitted the opportunity to cure the defects previously identified in this claim, and he has failed to do so, it appears that further attempts at amendment would be futile. As a result, this claim is also dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, all claims against all Defendants are dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.